FILED

December 11 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0119

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 329N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

PAUL SCOTT SORENSEN,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 2004-1073
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender, Lisa S. Korchinski,
Assistant Public Defender, Helena, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General, Ilka Becker,
Assistant Attorney General, Helena, Montana

          Dennis Paxinos, Yellowstone County Attorney, Gayle Stewart,
Deputy County Attorney, Billings, Montana

Submitted on Briefs: November 21, 2007

Decided: December 11, 2007

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Paul Scott Sorensen (Sorensen) was charged with felony DUI and misdemeanor Driving While License Suspended. After firing his attorney and while representing himself, Sorensen entered into a plea agreement with the State whereby he would plead guilty to felony DUI in exchange for a sentencing recommendation by the State to include a $1,000 fine and a sentence of 13 months commitment to the Department of Corrections ("DOC") followed by a three-year suspended sentence to the DOC, subject to the normal conditions of probation. The State also agreed to recommend that if Sorensen successfully completed the Warm Springs Addictions Treatment and Change ("WATCh") program, the suspended portion of his sentence would be reduced to 30 months. Sorenson was also to receive credit for six months served in the Yellowstone County Detention Center. Sorensen pled guilty on April 19, 2005.

¶3    On July 19, 2005, the District Court sentenced Sorensen in accordance with the plea agreement. The court's written judgment and order, entered July 29, 2005, provided:

> IT IS RECOMMENDED that defendant PAUL SCOTT

2

SORENSEN be considered for placement at *WATCH* (Warm Springs Addictions Treatment and Change Program) in Warm Springs, Montana. If defendant successfully completes the *WATCH* program, the suspended portion of the sentence shall be reduced to THIRTY (30) MONTHS AND SHALL RUN CONSECUTIVELY TO THE TERM IMPOSED ABOVE.

Sorensen did not appeal.

¶4 On April 6, 2006, the State petitioned to revoke Sorensen's suspended sentence. A probation violation hearing was held on August 1, 2006. The disposition hearing was continued several times and finally conducted on December 12, 2006. The District Court entered its order revoking Sorensen's suspended sentence on December 22, 2006.

¶5 Sorensen argues that the State breached the plea agreement when it failed to screen and submit his application to the WATCh program. John Boyd, the author of Sorensen's pre-sentence investigation report, testified that Sorensen was not screened for the WATCh program because "he did not have enough time left on the mandatory 13-month sentence in order to complete the WATCH program."

¶6 Sorensen argues that whether the State never intended to recommend him or whether its failure to recommend was inadvertent, the result is the same; i.e., the State breached the plea agreement. Sorenson contends that an inadequate amount of time remaining on his sentence was an unsatisfactory excuse for the State not to screen him for the WATCh program. Sorensen goes on to argue that the District Court abused its discretion when it neglected to hold the State accountable for failing to abide by the terms of the plea agreement, and he argues that we should fashion a remedy that would include vacating his suspended sentence and imposing the original sentence which has been discharged due to time served.

¶7     The State argues that the plea agreement was not breached because the prosecution recommended precisely what the plea agreement called for, and because the District Court imposed precisely the sentence recommended by the State. The State maintains that even if we accept Sorensen's argument that Boyd nevertheless should have recommended Sorensen to the WATCh program, there was no breach of the plea agreement by the prosecution. *See State v. Bowley*, 282 Mont. 298, 311, 938 P.2d 592, 600 (1997) (probation officer recommending a different sentence from the plea agreement does not constitute a breach of the plea agreement by the prosecution, because the recommendations of the probation officer and the prosecution are not equivalent). Moreover, the State contends that Sorensen was offered the chance to withdraw his guilty plea at the October 3, 2006 hearing regarding the WATCh program. Sorensen did not move to withdraw his guilty plea, but rather requested a three-year DOC commitment, all suspended. The State maintains that having failed to move to withdraw his guilty plea on the basis of the "breach" of his plea agreement, Sorensen may not now raise this issue on appeal of his sentence following revocation. Upon revoking the suspended sentence, the District Court properly sentenced Sorensen to three years at Montana State Prison with one year suspended pursuant to § 46-18-203(7), MCA.

¶8     We agree with the State. Having reviewed the record in this matter, the District Court's decision and the parties' arguments on appeal, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 internal operating rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that Sorensen's appeal is without merit because

4

there are no facts in dispute and the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶9      For the foregoing reasons we affirm the judgment of the District Court.


                                    /S/ JAMES C. NELSON


We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE